**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOHN A. SALTER                                                                                               PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:12CV738-HTW-LRA

ARTHUR JOHNSTON, MADISON COUNTY
CHANCERY CLERK, CYNTHIA BREWER,
MADISON COUNTY CHANCERY JUDGE,
AND CARYN QUILTER, LICENSED ATTORNEY                                       DEFENDANTS

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the Court via telephonic hearing on December 11, 2012, on the Motion to Proceed *in Forma Pauperis* filed in this case by John A. Salter [hereinafter "Plaintiff"], an adult resident citizen of Hinds County, Mississippi. Plaintiff has filed a Complaint against the Madison County Chancery Clerk, Arthur Johnston; a Madison County Chancellor, Judge Cynthia Brewer; and, an attorney, Caryn Quilter [hereinafter "Defendants"], all residents of Jackson, Mississippi. Plaintiff purports to sue on behalf of his sister, Medora S. Weaver, referred to as "Sugar," whom he charges is a ward of the Madison County Chancery Court. He contends that Sugar suffers from dementia caused by decreasing amounts of stomach hydrochloric acid and has been incorrectly treated for her dementia by physicians. He charges that these Defendants have illegally seized Sugar's property under the Order of the Chancery Court and by the actions of Defendants. Chancery Clerk Johnston was appointed conservator of Weaver's estate by Order entered by Judge Brewer. Plaintiff is not pleased with Johnston's handling of Sugar's estate or with her medical treatment.

According to Plaintiff's Motion to Proceed *In Forma Pauperis*, his income is approximately $1,032 per month, including $844 in social security payments, $178 in disability payments, and $10 in oil royalties. He has $162 cash in a checking account, a vehicle valued at $1000, and a computer and printer valued at $250. His monthly expenses are approximately $1,053 per month. Plaintiff is 86 years old and has a college degree.

If only his income and expenses are reviewed, Plaintiff may be entitled to proceed without the prepayment of fees. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Id.*

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582-83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). However, nowhere in the Complaint does Plaintiff state a claim upon which relief may be granted nor does he set forth a basis for federal jurisdiction. Plaintiff attempts to state a constitutional claim by alleging that these Defendants took Sugar's property without due process of law. Merely stating that phrase is not enough, particularly when the state courts provided a forum for the conservatorship issues. In any case, Sugar is not the named Plaintiff in this case; John Salter is the Plaintiff, and he has not shown the authority to sue on her behalf. What Salter is attempting to do is *appeal* the actions of the Madison County Chancery Court to this federal court, but that court's actions are not subject to this federal court's review. Salter stated at the hearing that he appealed the Madison County Chancery Court ruling to the Mississippi Supreme Court. The Mississippi Court of Appeals denied relief, according to Salter. Under Rule 17 of the Mississippi Rules of Appellate Procedure, he could have requested a writ of certiorari for review by the Mississippi Supreme Court. Thereafter, he could have filed a writ of certiorari with the United States Supreme Court. Instead, he attempted to appeal directly to this district court. Yet this Court has no jurisdiction to hear collateral reviews of such state court matters.

When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case. *See Ruhrgas*, 526 U.S. at 583. Accordingly, this case should be dismissed without prejudice.

Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed for failing to state a claim on which relief may be granted. Alternatively, Plaintiff should be given an opportunity to amend his Complaint within ten (10) days to state a valid cause of action and a basis for federal jurisdiction. If he fails to do so, the Complaint should be dismissed.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service, sending a copy to the district judge, the magistrate judge and the opposing party. Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 18th day of January, 2013.

s/Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE